**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**IN ASHLAND**

**CIVIL ACTION NO:** _____

**DANIEL SCOTT LEWIS**                                                                    **PLAINTIFF**

v.

**THOMAS PERKINS**, Individually and in his
Official Capacity as Officer
with the Grayson Police Department

> Serve:  Officer Thomas Perkins
>             320 E 3rd St.
>             Grayson, KY 41143

**ROY ISON**, Individually and in his
Official Capacity as Officer
with the Grayson Police Department

> Serve: Officer Roy Ison
>             320 E 3rd St.
>             Grayson, KY 41143

**KEVIN "MOOCH" MCDAVID**, Individually and in his
Official Capacity as Chief
with the Grayson Police Department

> Serve: Chief Kevin "Mooch" McDavid
>             320 E 3rd St.
>             Grayson, KY 41143

**CODY STAMPER**, Individually and in his
Official Capacity at Stampers Concrete and
Construction

> Serve: Cody Stamper
>             141 Costin Daddy Dr.
>             Olive Hill, KY 41164

**JOHN STAMPER**, Individually and in his
Official Capacity at Stampers Concrete and
Construction

Serve: John Stamper
160 Costin Daddy Dr.
Olive Hill, KY 41164

**JOHN R.STAMPER**, Individually and in his
Official Capacity at Stampers Concrete and
Construction

Serve: John R. Stamper
160 Costin Daddy Dr.
Olive Hill, KY 41164

**MICHAEL SHANE PERKINS**, Individually and in his
Official Capacity at Stampers Concrete and
Construction

Serve: Michael Shane Perkins
1015 W Brinegar Rd.
Olive Hill, KY 41164

**JAMES SKAGGS**, Individually and in his
Official Capacity at Stampers Concrete and
Construction

Serve: James Skaggs
1153 Garvin Ridge
Olive Hill, KY 41164

AND

**ANY UNKNOWN DEFENDANTS
NOT KNOWN AT THIS TIME**                                  **DEFENDANTS**

---

### COMPLAINT

---

1.      The Plaintiff, Daniel Scott Lewis, is a citizen and resident of the Commonwealth of Kentucky and at all relevant times resided at Carter County, Kentucky.

2.      The Defendants, Cody Stamper, John Stamper, and John R. Stamper, was at all times relevant an Owner or Officer of Stampers Concrete and Construction.

3.     The Defendants, Michael Shane Perkins, and James Skaggs are employees of Stampers Concrete and Construction.

4.     The Defendants, Cody Stamper, John Stamper, John R. Stamper, Michael Shane Perkins and James Skaggs are collectively referred to as the "Lay Defendants."

5.     The Defendants, Thomas Perkins and Roy Ison, was at all times relevant a Grayson Police Department Officer for the Commonwealth of Kentucky, acting under color of state law, and acting within the scope of their employment with the Grayson Police Department.

6.     The Defendant, Kevin "Mooch" McDavid, was at all times relevant the Chief with the Grayson Police Department, acting under color of state law, and acting within the scope of his employment with the Grayson Police Department.

7.     The Defendants, Thomas Perkins, Roy Ison, and Kevin "Mooch" McDavid, are collectively referred to as the "Officer Defendants."

## JURISDICTION AND VENUE

8.     Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed by the Constitution of the United States. Accordingly, this Court has jurisdiction of the case pursuant to the provisions of 28 U.S.C. § 1331, § 1343, and § 1367. Plaintiff also seeks damages for negligence, gross negligence, negligent supervision, and malicious prosecution. Carter County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court. There is personal jurisdiction over each of the parties hereto and the conduct of the Defendants herein constitutes a federal cause of action, this action may be brought in the United States

District Court for Eastern District of Kentucky, the district in which all alleged acts and/or omissions took place. Venue is proper in the district pursuant to 28 U.S.C. § 1391.

9.  All of the allegations set forth in this Complaint occurred in Carter County, Kentucky, and venue is therefore proper in this Court.

10. The Plaintiff's damages are in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.

11. The Plaintiff asserts claims arising out of the same series of transactions or occurrences, and common questions of law and fact will arise in this action.

## FACTUAL ALLEGATIONS

12. The Plaintiff Daniel Scott Lewis, owned TKO Vape Shop and resided at 47 Sandyhill Drive, Grayson, Kentucky.

13. On October 16, 2018, Defendant Officer Thomas Perkins and Roy Ison, was dispatched by Carter County EMS to TKO Vape Shop, Grayson, Kentucky, in reference to the report of an individual pointing a gun at three individuals and threatening three individuals.

14. After arriving at the location, Defendant Officers Thomas Perkins and Roy Ison, was informed by a witness, James Woodrow that the defendant Daniel Scott Lewis, did not point the gun at anyone.

15. Armed with this information, Defendant Officers Thomas Perkins and Roy Ison, left the scene and at the direction of Defendant Chief Kevin "Mooch" McDavid, obtained a warrant for the arrest of Daniel Scott Lewis.

16. During the course of the interview with the three witnesses, Cody Stamper, Michael Shane Perkins and James Skaggs, numerous lies were told. Defendant Officers

Thomas Perkins and Roy Ison also interviewed Daniel Scott Lewis and his wife Dawnita Lewis who were also eye witnesses and they denied that Daniel Scott Lewis ever threatened to shoot anyone.

17.    In spite of all these inconsistencies and lies, on or about October 16, 2018 the Plaintiff Daniel Scott Lewis, was arrested by Defendant Officers Thomas Perkins and Roy Ison without any probable cause.

18.    Even with the inconsistencies and lies that were told to Defendant Officers Thomas Perkins and Roy Ison by the alleged victims, and over the statement of a disinterested neutral witness, Defendant Officers Thomas Perkins and Roy Ison, went and obtained a criminal complaint against the Plaintiff and caused him to be arrested and detained at the Carter County Detention Center from 10/16/2018 until 10/16/2016 at approximately 1520 hours, when he was released on bond.

19.    Neither the Officer Defendants, nor the Lay defendants appeared at Plaintiff Daniel Scott Lewis's preliminary hearing that was scheduled in Carter District Court on 12/17/2018, and the case was dismissed.

20.    Based on the false affidavit submitted to the Carter District Court by Defendant Officers Thomas Perkins and Roy Ison, and Defendant McDavid. Plaintiff DANIEL SCOTT LEWIS, was lodged in the Carter County Detention Center from 10/16/2018 until his wife posted his bond on 10/16/2018.

21.    Armed with the information from the independent disinterested witness that the Plaintiff did not point the gun at anyone, and without conducting any further investigation, the Officer Defendants, proceeded to seek the issuance of a warrant against the Plaintiff DANIEL SCOTT LEWIS on October 16, 2018.

22.     Plaintiff DANIEL SCOTT LEWIS was charged, detained, processed, arraigned, and prosecuted as a result of the warrant obtained through Defendant Officers Thomas Perkins and Roy Ison testimony and the statements and actions of all Officer Defendants and Lay Defendants.

23.     At the time Defendant Officers Thomas Perkins and Roy Ison obtained the warrant, the Officer Defendants had no factual basis to assert that Plaintiff DANIEL SCOTT LEWIS had terroristically threatened anyone.

24.     At the time Defendant Officers Thomas Perkins and Roy Ison obtained the warrant, the Defendants acted with malice toward Plaintiff DANIEL SCOTT LEWIS, and with deliberate indifference and reckless disregard for the truth or falsity of his testimony regarding Plaintiff DANIEL SCOTT LEWIS.

25.     At the time the charges were filed, and Plaintiff DANIEL SCOTT LEWIS was searched, seized, arrested, detained, imprisoned, arraigned, and prosecuted, the Defendants had no factual basis to assert that Plaintiff DANIEL SCOTT LEWIS had terroristically threatened anyone.

26.     Plaintiff DANIEL SCOTT LEWIS did not terroristically threaten anyone.

27.     Plaintiff DANIEL SCOTT LEWIS was falsely prosecuted on the aforementioned charges and with the Officer defendants failing to appear and the Lay defendants failing to appear, the case was dismissed without probable cause having been stipulated on December 17, 2018.

### COUNT I - *Violation of 42 U.S.C. § 1983 – Unlawful Detention*

28.     All preceding paragraphs are incorporated by reference.

29.     The Defendants actions set forth above resulted in unlawful and malicious detention of the Plaintiff based upon false statements and testimony and without probable cause to support the detention confinement.

30.     The Defendants deprived the Plaintiff of liberty based upon false statements and testimony, without due process of law, without probable cause, and in violation of his right to equal protection of the laws, all in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

31.     The conduct of the Officer Defendants violates clearly established constitutional rights of which a reasonable officer would have known.

32.     The aforementioned detention and confinement of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

33.     As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, detention, physical confinement, arraignment, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and are entitled to compensation for all of the foregoing as well as their reasonable attorney's fees, punitive damages, and costs.

## COUNT II – *Abuse of Process*

34.     All prior paragraphs are incorporated by reference.

35.     After making false statements and testimony against the Plaintiff, the Officer Defendants instituted criminal judicial proceedings against him as more specifically described above.

36.     The Officer Defendants knew at the time that they instituted the criminal judicial proceeding that they lacked probable cause to substantiate the above-referenced charges.

37.     The Officer Defendants committed willful acts in the institution of the criminal judicial proceedings that were not proper in the regular conduct of the proceeding.

38.     The Officer Defendants' willful acts were (1) abusing their police powers by instituting criminal charges based upon false factual accusations against the Plaintiff; (2) abusing their police powers by instituting criminal charges when they knew they lacked probable cause to assert; (3) instituting criminal charges for purposes for which they were not intended; and (4) pursuing, the false criminal charges against the Plaintiff.

39.     The aforementioned conduct was a form of coercion intended to obtain a collateral advantage not properly involved in the proceeding itself.

40.     As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, detention, physical confinement, arraignment, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

## COUNT III - *Malicious Prosecution*

41.     All prior paragraphs are incorporated by reference.

42.    The Officer Defendants instituted or caused to be instituted against the Plaintiff the criminal charges set forth above.

43.    The Officer Defendants instituted and pursued the charges against the Plaintiff with malice.

44.    The Officer Defendants instituted and pursued the charges against the Plaintiff through the use of false statements and testimony.

45.    The Officer Defendants lacked probable cause to substantiate the charges that they instituted or caused to be instituted.

46.    Each of the charges were terminated in favor of the Plaintiff in Carter District Court, case Number 18-F-233.

47.    As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, detention, physical confinement, arraignment, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

### COUNT IV - *42 U.S.C. §1983 Malicious Prosecution*

48.    All prior paragraphs are incorporated herein.

49.    The above referenced criminal charges were made against the Plaintiff, and the Officer Defendants, acting under color of law, made, influenced, or participated in the decision to prosecute by providing false testimony and statements regarding the Plaintiff.

50.    There was a lack of probable cause for the criminal prosecution.

51.    As a consequence of the criminal charges, the Plaintiff suffered a deprivation of liberty, including without limitation detention, physical confinement, arraignment, loss of civil rights, compulsion, and criminal prosecution.

52.    The Officer Defendants instituted and pursued the charges against the Plaintiff with malice.

53.    Each of the charges were terminated in favor of the Plaintiff in Carter District Court, case Number 18-F-233.

54.    As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, detention, physical confinement, arraignment, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

55.    As a direct and proximate cause of the acts of the Officer Defendants, Plaintiff suffered a deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983, and suffered damages.

## COUNT V – ATTORNEY FEES

56.    All prior paragraphs are incorporated herein.

57.    As a result of the Defendants' violations of Civil Rights Act of 1871, 42 U.S.C. § 1983, as more specifically described herein, and the enforcement of Plaintiff's rights under same, Plaintiff's counsel is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully demands judgment against the Defendants as follows:

1.      For judgment entered against the Defendants on each claim asserted;

2.      For actual, special, punitive, statutory, and compensatory damages, in an amount greater than the jurisdictional minimum totaling $5,000,000.00;

3.      For a trial by jury on all issues so triable;

4.      For the Plaintiffs reasonable attorney's fees and costs; and

5.      For any other relief to which the Plaintiff may be entitled.

RESPECTFULLY submitted this __9th__ day of October, 2019.

JOY LAW OFFICE
2701 LOUISA STREET
P.O. BOX 411
CATLETTSBURG, KENTUCKY 41129
TELEPHONE (606) 739-4569
FAX (606) 739-0388


_/s/ Sebastian M. Joy_____
HON. SEBASTIAN M. JOY
COUNSEL FOR PLAINTIFF DANIEL SCOTT
LEWIS