UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

NORTHERN DIVISION

ASHLAND

Civil Action No. 19-99-HRW

**DANIEL SCOTT LEWIS,**                                                                                              **PLAINTIFF,**

**v.**                           **MEMORANDUM OPINION AND ORDER**

**CODY STAMPER,** *et al.,*                                                                                         **DEFENDANTS.**

      This matter is before the Court upon the Defendants Cody Stamper, John Stamper, John R. Stamper, Michael Shane Perkins, and James Skaggs' Motions to Dismiss [Docket Nos. 5 and 12]. The matter has been fully briefed by the parties. For the reasons set forth below, the Court finds that the Amended Complaint fails to state a claim against these Defendants upon which relief may be granted.

**I.**

      This case arises from an incident at the TKO Vape Shop in Grayson, Kentucky. [Amended Complaint, Docket No. 10, ¶ 13]. The shop is owned by Plaintiff Daniel Scott Lewis. *Id.*

      According to the Amended Complaint, Grayson Police Officers Thomas Perkins and Roy Ison responded to a report of an individual alleged to have pointed a weapon at three people— presumably Cody Stamper, Michael Shane Perkins and James Skaggs. *Id.* at ¶¶ 13, 16.

      When police arrived at TKO Vape Shop, Stamper, Perkins, and Skaggs gave statements to officers. *Id.* at ¶ 16. Plaintiff alleges that the statements contained "inconsistencies and lies," , and

1

the Grayson Police Officers Perkins, Ison and their Captain, Kevin McDavid, relied upon these statements to obtain a criminal complaint, leading to Plaintiff's arrest and detention at the Carter Country Detention Center. *Id.* Plaintiff was released on bond and the case against him was, ultimately, dismissed. *Id.* at ¶¶ 17, 18.

This lawsuit followed wherein Plaintiff alleges claims of unlawful detention, abuse of process and malicious prosecution against Thomas Perkins, Roy Ison, Kevin McDavid (collectively, "the Police Defendants") and Cody Stamper, John Stamper, John R. Stamper, Michael Shane Perkins and James Skaggs (collectively, the "lay Defendants"). John Stamper and John R. Stamper are the owners of Stampers Concrete and Construction, which employs Cody Stamper, Michael Perkins and Janes Skaggs.

Cody Stamper, John Stamper, John R. Stamper Michael Shane Perkins and James Skaggs sought dismissal of the Complaint against them, arguing that no viable claims had been alleged against them. [Docket No. 5]. In response, Plaintiff filed a motion to amend his Complaint, in order to "clarify the allegations" against these Defendants. [Docket No. 7]. This Court sustained the motion and Plaintiff filed his Amended Complaint [Docket No. 10].

Cody Stamper, John Stamper, John R. Stamper Michael Shane Perkins and James Skaggs now seek dismissal of the Amended Complaint, arguing, again, that it falls short of the standard set forth in Federal Rule 12 (b)(6).

## II.

In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007). A complaint need not contain "detailed factual allegations". However, it must allege more than "a formulaic

2

recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir.2009) (*quoting Iqbal*, 129 S.Ct. at 1949).

### III.

First, with regard to John Stamper and John R. Stamper, dismissal is required. Other than the mention of their names in the jurisdictional statement, identifying them as the owners of Stampers Concrete and Construction, the Amended Complaint makes no reference to either of them. In other words, not only are there no plausible allegations against them, there are **no** allegations against them whatsoever.

### A.

Plaintiff's civil rights claims of unlawful detention and malicious prosecution fail as a matter of law against the lay Defendants. Fundamental to these claims is that the deprivation of a right was committed by a "person acting under the color of state law." *See generally, Wittstock v. Van Sile, Inc.,* 330 F.3d 899, 902 (6th Cir.2003). One may not proceed against a private party under the guise of civil rights. *Boykin v. Van Buren TP*, 479 F.3d 444 (6th Cir. 2007).

The Amended Complaint does not allege that these Defendants are "state actors"; nor are there allegations that they were they purporting to "act under the color of law."

3

Indeed, Plaintiff must agree as his responsive brief contains no argument in this regard.

Therefore, Plaintiff's claims of unlawful detention and malicious prosecution fail as a matter of law.

### B.

As for his state law-based claims for abuse of process and malicious prosecution, they too cannot withstand 12(b)(6) scrutiny. The Amended Complaint is devoid of any allegations that these Defendants were involved in the procurement of a warrant or a pursuit of a criminal charge against Plaintiff. At most, Plaintiff accuses these Defendants of making false statements. However, this falls far short of abuse of process of malicious prosecution, as both require some form of legal process in which the defendant was involved. *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998) and *Martin v. O'Daniel*, 507 S.W.2d 1, 11 (Ky. 2016).

Plaintiff's response merely restates the conclusory allegations in his Amended Complaint. "Conclusory assertions are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC,* 513 Fed.Appx. 520, 522-523 (6th Cir. 2013). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.,* 520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted).

### IV.

The Amended Complaint contains no factual statements which support the causes of action alleged therein against these Defendants.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Cody Stamper, John Stamper, John R. Stamper, Michael Shane Perkins, and James Skaggs' Motions to Dismiss [Docket Nos. 5 and 12] be **SUSTAINED**.

This is an **INTERLOCUTORY** and **NON-APPEALABE** Order.

This 20th day of April 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge